UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        CRIMINAL ACTION

VERSUS

TERRENCE HILON        NO. 18-102-SDD-EWD

**ORDER**

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Terrence Hilton ("Defendant").[1] The Government opposes this motion.[2] For the following reasons, the motion is denied.

**Background**

Defendant is currently incarcerated at the Federal Correctional Institution at Yazoo City, Mississippi, ("Yazoo City Medium FCI") following his guilty pleas to possession with intent to distribute 100 grams or more of heroin. His projected release date is September 21, 2026. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that his serious medical conditions are "extraordinary and compelling" reasons to reduce his sentence.

**Law and Analysis**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[3] Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18

---

[1] R. Doc. 75.
[2] R. Doc. 78. The Government also filed an updated supplemental response in opposition to the Motion. R. Doc. 87.
[3] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Defendant moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

**Extraordinary and Compelling Reasons**

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) extraordinary and compelling reasons warrant the reduction; ...
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
>
> (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant
> (i) is at least 65 years old;
> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

In *United States v. Shkambi*,[4] the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended §3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[5]

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[6] And other circuits are in accord.[7]

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[8] The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant."[9]

---

[4] 993 F.3d 388 (5th Cir. 2021).
[5] *Id.* at 393.
[6] *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).
[7] *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").
[8] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").
[9] Though Defendant raises race as a reason justifying relief, race is not a basis for relief. *See United States v. Wright*, Crim. No. 17-20328, 2020 WL 4791229, at *3 (E.D. Mich. Aug. 18, 2020) ("the fact of an inmate's race itself does not constitute a risk factor for COVID-19 in the same way, as, for instance, an underlying medical condition does."). *See also United States v. Green*, Crim No. 05-205, 2020 WL 3642860, at *4 (W.D. Pa. July 6, 2020).

**Medical Condition of Defendant**

In his request, Defendant alleges that he suffers from "irregular breathing, cold sweats, and regular headaches."[10] These medical conditions do not render Defendant particularly susceptible to COVID-19[11] and do not present extraordinary or compelling reasons for compassionate release, especially because he has now been fully vaccinated with the Pfizer-BioNTech COVID-19 vaccine. In the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who, like Defendant, have been vaccinated for COVID-19.[12] Further, according to www.bop.gov, as of September 13, 2021, at Yazoo City Medium FCI, where Defendant is incarcerated, there is only one active case of COVID-19 among the 1,474 inmates and no positive staff members. As such, considering that Defendant is fully vaccinated and the low number of cases at Yazoo City Medium FCI, Defendant has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would

---

[10] R. Doc. 75, p. 3. Defendant has also pointed to a family history of diabetes and obesity and the fact that his wife contracted COVID-19 as reasons for relief, but these are also insufficient to constitute extraordinary and compelling reasons for relief. R. Doc. 82, pp. 10-11.

[11] Regarding Defendant's complaints of chest pain, he was diagnosed with possible costochrondritis, which does not render him particularly vulnerable to COVID-19 under the CDC guidelines. R. Doc. 81, pp. 2-5. The CDC's list of medical risk factors for COVID-19 can be found at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 13, 2021).

[12] *See United States v. Parham*, No. 1:19-CR-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (finding that "generalized concerns of contracting COVID-19[ ] are not an 'extraordinary and compelling reason' " where the defendant had received the COVID-19 vaccine); *United States v. Schad*, No. CR 2:17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021) (denying compassionate release where the defendant had been fully vaccinated against COVID-19); *United States v. Wakefield*, No. 1:19-CR-00095, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) ("Because [the defendant] has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the [d]efendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release."); *United States v. Grummer*, No. 08-CR-4402, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19"); *United States v. Beltran*, No. 6:16-CR-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to a high-risk inmate with myriad underlying medical conditions who received the vaccine, finding that "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection."); *accord United States v. Nunez-Arias*, No. CR H-16-436, 2021 WL 1537323, at *3 (S.D. Tex. Apr. 19, 2021).

constitute extraordinary and compelling reasons to warrant relief under the compassionate release statute.

## Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion[13] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Status Report or Hearing[14] is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana on September 13, 2021.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] R. Doc. 75.
[14] R. Doc. 91.